UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRACY VITKO,

                              Plaintiff,

v.                                                     CASE # 17-cv-01349

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       TIMOTHY HILLER, ESQ.
  Counsel for Plaintiff                               KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   BLAKELY PRYOR, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II     DENNIS J. CANNING, ESQ.
  Counsel for Defendant                             MARIA PIA FRAGASSI
26 Federal Plaza – Room 3904                       SANTANGELO, ESQ.
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on June 4, 1972, and completed high school. (Tr. 130). Generally, plaintiff's alleged disability consists of rheumatoid arthritis, unable to stand for long periods, weakness, fibromyalgia, foggy memory, pain, migraines, sensitivity to light and sound, and spinal fusion. (Tr. 166). Her alleged onset date of disability is May 31, 2007. (Tr. 130). Her date last insured was December 31, 2011. (Tr. 155).

### B. Procedural History

On June 6, 2014, plaintiff applied for a period of disability insurance benefits under Title II of the Social Security Act. (Tr. 130). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (the ALJ). On August 2, 2016, plaintiff appeared before the ALJ, Michael Carr. (Tr. 24-50). On December 9, 2016, ALJ Carr issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-23). On November 2, 2017, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2011.

2. The claimant has not engaged in substantial gainful activity during the period from her alleged onset date of May 31, 2007 through her date last insured of December 31, 2011 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: obesity, cervical spine degeneration, status-post cervical spine fusion, headaches (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes or scaffolds; must avoid bright, flashing lights; requires a work environment with no more than a moderate noise level.

6. Through the date last insured, the claimant was capable of performing past relevant work as an office manager as generally performed. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 31, 2007, the alleged onset date, through December 31, 2011, the date last insured (20 CFR 404.1520(f)).

(Tr. 9-20).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues remand is necessary because the ALJ's RFC was made without reference to a properly submitted medical opinion. (Dkt. No. 10 at 1 [Pl.'s Mem. of Law]). Second, remand is required because new and material evidence was submitted to the Appeals Council. (Dkt. No. 10 at 1).

### B. Defendant's Arguments

In response, defendant makes two arguments. (Dkt. No. 13 [Def.'s Mem. of Law]). First, defendant argues the ALJ properly assessed an RFC for limited sedentary work. (Dkt. No. 13 at

1). Second, the ALJ's determination is supported by substantial evidence even considering the new evidence submitted to the Appeals Council. (Dkt. No. 13 at 25).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. RFC Was Based on Substantial Evidence

Plaintiff argues remand is required because the ALJ's RFC assessment was made without reference to any properly submitted medical opinion. (Dkt. No. 10 at 9). The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the

[claimant's] residual functional capacity," *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013), a medical source statement or formal medical opinion is not necessarily required, *see id.*; *cf Pellam v. Astrue*, 508 F. App'x. 87, 90 (2d Cir. 2013) (upholding ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017).

The ALJ was acting within his discretion by assessing the plaintiff's RFC based on "all of the relevant medical and other evidence" in the record. *See* 20 C.F.R. § 404.1545(a). This includes "statements…that have been provided by medical sources, whether or not they are based on formal medical examinations," "descriptions and observations of [the claimant's] limitations…provided by [the claimant], [his] family, neighbors, friends, or other persons," and Plaintiff's daily activities, work history, lay evidence, and frequency and duration of medical treatment. *See* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p.

The sedentary RFC was based on substantial evidence during the relevant period prior to December 31, 2011. (Tr. 15-18). Plaintiff stopped working in 2006 to give birth to her daughter and claimed she was unable to return to work due to neck pain and headaches in May 2007. (Tr. 37). However, seeking treatment for several other temporary medical conditions, there is no evidence of treatments for headaches or neck pain until March 2010. (Tr. 232-42, 343). Plaintiff admitted in May 2010 that her headaches and neck pain did not begin until 2010. (Tr. 247).

Treating sources also repeatedly noted at appointments in 2007 that plaintiff had normal walking and standing, normal range of motion in the neck, no tenderness to palpation in her back, and normal muscle strength. (Tr. 248-249). Once plaintiff underwent a cervical spine fusion surgery in January 2011 she recovered well and reported an improvement in her headache and neck symptoms. (Tr. 30-31, 264-265). By March 2011, plaintiff's daily musculoskeletal headaches

"resolved," and she had only "decreased" and "less intense" menstrual headaches. (Tr. 334-35). Plaintiff walked and stood normally with normal muscle strength and reflexes. (Tr. 269, 335). In July 2011, plaintiff told treating Physician Assistant Sarah O'Mara that she was "able to do much more," and that her spinal fusion surgery had significantly improved her neck pain, headaches, and quality of life. (Tr. 276). In September 2011, her treating nurse practitioner observed plaintiff "continue[d] to do very well" with her headaches and neck symptoms, that many of her headaches were resolved, that she had full range of motion in her neck, and that she walked normally with normal muscle strength, motor and neurological function, sensation, and reflexes. (Tr. 332). The month plaintiff's insured status expired, December 2011, x-rays showed plaintiff's spinal fusion was intact and her cervical spine disc spaces were normal. (Tr. 287, 289). She also reported her symptoms had improved and she reduced her pain medications. Upon examination, plaintiff had some tenderness to palpation and decreased range of motion in her neck, but was able to sit comfortably, could stand and walk normally, and had otherwise normal muscle strength, range of motion, reflexes, and sensation. (Tr. 288). Substantial record medical evidence supports the ALJ's decision that Plaintiff's neck pain and headaches did not cause debilitating limitations in excess of plaintiff's RFC prior to December 31, 2011. (Tr. 15-18).

After her date last insured, plaintiff was treated for other impairments that were stated by her physician to not be related to her cervical fusion. (Tr. 296). It was within the ALJ's discretion to compare and contrast the relevant medical evidence from prior to December 31, 2011, along with all other relevant evidence, to resolve the conflicts in the evidence and determine Plaintiff's pre-date last insured RFC. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *Schaal*, 134 F.3d at 504.

It was not lay judgment for the ALJ to view these medical records and the subjective complaints when developing the RFC. The ALJ observed that plaintiff's symptoms worsened until January 2011, when plaintiff had cervical spine fusion surgery. (Tr. 16-17, 264-65). The ALJ also considered subsequent evidence that plaintiff's musculoskeletal headaches then "resolved," that her menstrual headaches improved, and that by July 2011 she had good range of motion in her neck, walked normally, was "able to do much more," and had normal muscle strength, range of motion, sensation, and reflexes. (Tr. 17, 276). The ALJ also considered evidence that Plaintiff had "minimally limited" range of motion in her neck after her surgery. (Tr. 332). It was proper for the ALJ to consider the objective observations of plaintiff's health care providers in assessing her RFC which certainly is not lay judgment as plaintiff alleges. *See Monroe v. Colvin*, 676 F. App'x 5 (2d Cir. Jan. 8, 2017) (substantial record evidence supported the ALJ's RFC assessment, despite the lack of a specific functional assessment).

The Court also notes it is plaintiff's burden to produce evidence and prove that she was disabled. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); see also 20 C.F.R. §§ 404.1512(c), 404.1545(a)(3); 68 Fed. Reg. 51153, 51154-55 (August 26, 2003); *Bowen v. Yuckert,* 482 U.S. at 146 n.5. Plaintiff's subjective reports of her symptoms, by themselves, cannot be the basis for a finding of disability. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p; *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Although the ALJ had a duty to develop the record, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999); *see also Perez*, 77 F.3d at 48 (the ALJ was not required to further develop the record and seek additional medical records where the evidence already in the record was "adequate for [the ALJ] to make a

determination as to disability"). Plaintiff's counsel stated he was aware of outstanding medical records from only one source, which the ALJ later obtained. (Tr. 12, 26-27, 49, 598-622). As discussed below, the only additional evidence obtained would be from years after the date last insured and months after the decision.

### B. Evidence Submitted to the Appeals Council

"Social Security regulations allow a claimant to submit additional evidence to the Appeals Council in support of [a] Request for Review." *Hightower v. Colvin*, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing 20 C.F.R. §§ 416.1470(b) and 416.1476(b)(1)). "The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision." *Id.*

Evidence is new if it is not cumulative of what is already in the record. *Simon v. Berryhill*, No. 1:16-cv-04088(FB), 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017). It is material if it is relevant to the claimant's condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. *Webb v. Apfel*, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1990)).

As to whether the additional evidence relates to the period on or before the ALJ's decision, "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *Pulos v. Comm'r of Soc. Sec.*, No. 1:18-CV-00248 EAW, 2018 WL 5801551, at *6 (W.D.N.Y. Nov. 5, 2018) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). This is because the evidence "may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Id.* (quoting *Newbury v. Astrue*, 321 F.

9

App'x 16, 18 n.2 (2d Cir. 2009) (summary order)). But the Appeals Council does not have to consider evidence that does not provide additional information about the claimant's functioning during the relevant time period and instead relates to his or her functioning at some later point in time. *Id.* (citation omitted).

Plaintiff submitted a letter from Sarah O'Mara, certified physician assistant (PA-C), dated May 18, 2017, to the Appeals Council. (Tr. 8). In its order denying review, the Appeals Council stated the additional evidence from Ms. O'Mara did not relate to the period at issue and therefore did not affect the decision about disability beginning on or before December 13, 2011. (Tr. 2). The letter from Ms. O'Mara stated the plaintiff was treating with Dr. Jafar Siddiqui after her cervical fusion surgery in 2011. She further stated plaintiff's back pain began many years prior to this and that she had exhausted conservative options prior to surgery. Ms. O'Mara concluded the plaintiff is "currently unable to work due to her pain and condition and has been disabled since May 31ss 2007". (Tr. 8).

Indeed, this evidence is new because it did not exist until five months after the ALJ's decision, and therefore there was good cause for not submitting it to the ALJ. *See Simon*, 2017 WL 4736732, at *2 ("When evidence submitted by the applicant did not exist at the time of the ALJ's hearing, there is no question that the evidence is new and that good cause existed for applicant's failure to submit this evidence to the ALJ." (citation, quotation marks, and alterations omitted)). As discussed above, it is not cumulative of other record of evidence because there is no statement about disability from a treating source. However, this one-page letter does not provide additional information about the claimant's functioning during the relevant time period and is therefore not material.

The ultimate finding of whether a plaintiff is disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d). Case law is clear that statements which invade the Commissioner's role to determine whether plaintiff is disabled are not determinative or binding. *See Pintagro v. Colvin*, 1:15-CV-00478(MAT), 2017 WL 6616377, at *2 (W.D.N.Y. Dec. 27, 2017) ("An opinion that a claimant is totally or partially 'disabled' or is under a 'disability', even from an acceptable medical source such as a treating physician, is not entitled to any particular weight"). Ms. O'Mara's letter does not offer any other opinions regarding functional limitations but the conclusory statements about plaintiff being disabled and currently unable to work. Therefore, regardless of the additional analysis below, there are no functional limitations in this letter that show limits greater than those found by the ALJ.

Ms. O'Mara is also not an "acceptable medical source" and this letter does not constitute a medical opinion under the regulations at the time of the hearing.[1] *See* 20 C.F.R. §§404.1513(a)(2015) and 404.1527(a)(1). Even if the statements by Ms. O'Mara were not conclusory and reserved to the Commissioner, her conclusions would not be entitled to any special weight or require the deference given to statements by a treating physician. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). *See Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008)(While the ALJ is certainly free to consider the opinions of 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician).

Lastly, this letter was written nearly six years after the date last insured and the end of the relevant period. (Tr. 8). It makes the retrospective opinion of inability to work since 2007, however

---

[1] In January 2017, the regulations were amended regarding acceptable medical sources at 20 CFR §§404.1513 and 416.913. However, the new regulations did not become effective until March 27, 2017, and the prior versions of the regulations apply to this case.

she did not begin treating plaintiff until July 2011. (Tr. 8, 275). Other evidence of record indicates the headaches and neck pain that Ms. O'Mara state were disabling since 2007 were not experienced by plaintiff until 2010 with no treatment for neck pain or headaches prior to that. (Tr. 247). A review of the treatment records from the office also show inconsistencies with the broad conclusion of inability to work. In November 2011, Ms. O'Mara observed plaintiff sat comfortably, stood and walked normally, had good range of motion in her neck with some pain, and had normal muscle strength, range of motion, sensation, and reflexes throughout the rest of her body. (Tr. 281-82). The next month, Ms. O'Mara and a fellow physician assistant observed plaintiff had some tenderness to palpation and decreased range of motion in her neck, but was able to sit comfortably, could stand and walk normally, and had normal muscle strength, range of motion, reflexes, and sensation. (Tr. 288). Plaintiff even reduced her pain medication due to an improvement in her symptoms. (Tr. 285). In sum, the letter from Ms. O'Mara would not create a reasonable likelihood that the ALJ would have decided plaintiff's application differently and substantial evidence of record supports the ALJ's decision that plaintiff was not disabled.

**ACCORDINGLY, it is**

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.11) is

        **DENIED;** and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is

        **GRANTED.**

Dated: January 30, 2020                         *J. Gregory Wehrman*
Rochester, New York                 HON. J. Gregory Wehrman
                                                       United States Magistrate Judge